UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC CARLYLE DEAN and
ELIZABETH DEAN,

                        Case Number: 04-10120-BC
       Plaintiff,              Honorable David M. Lawson

v.

CITY OF BAY CITY, ROBERT V. BELLEMAN
and JAMES PALENICK,

       Defendants,
_____/

**OPINION AND ORDER DENYING PLAINTIFFS'
MOTION FOR RECONSIDERATION**

On December 30, 2005, the Court filed an opinion and order granting in part the defendants' motions for summary judgment. The Court dismissed the plaintiffs' federal claims with prejudice and their state law claims without prejudice. The plaintiffs have filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) alleging that (1) the Court should reconsider an October 28, 2005 order denying the plaintiffs' motion to amend their complaint to add a claim under Title II of the Americans with Disabilities Act despite their failure to exhaust administrative remedies; (2) plaintiff Eric Dean was denied due process because he did not learn he was fired on account of perceived alcohol abuse until this law suit was well under way; (3) the Due Process Clause requires that plaintiff Eric Dean should have been given a pre-termination hearing by the city commission instead of the city manager; and (4) plaintiff Eric Dean was denied due process because arbitration would not have constituted a meaningful post-termination hearing without access to voluminous city documents, which would have cost thousands of dollars to

reproduce. The Court does not find merit in any of these grounds; therefore the motion will be denied.

Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is discretionary with the district court. *Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). Such a motion will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Although the plaintiffs have not specified the section of Rule 60 upon which they rely, it appears they contend that the Court made an error of law in its decision. That suggestion invokes the provisions of Rule 60(b)(1), which states: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Sixth Circuit has "recognized a claim of legal error as subsumed in the category of mistake under Rule 60(b)(1)." *Pierce v. United Mine Workers Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985). When applied under subsection (1), the word "mistake" has been held to include "any type of mistake or error on the part of the court," including a legal mistake. *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983) (citing *Oliver v. Home Indem. Co.*, 470 F.2d 329 (5th Cir. 1972)). However, such a claim "must be brought within the normal time for

taking an appeal." *Pierce,* 770 F.2d at 451. A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981).

The Court's October 28, 2005 order denying the plaintiffs' motion to amend their complaint to add an ADA claim was not immediately appealable. The Court considers the plaintiff's present motion for reconsideration timely because it was filed within ten days after the entry of the final judgment in this case.

The crux of the plaintiffs' complaint is that the City of Bay City improperly terminated plaintiff Eric Dean's employment as the director of the city's electric department. He pleaded various federal and state law theories challenging his termination. In the motion to amend the complaint, Dean sought to add another wrongful termination theory under the ADA because, he says, city officials "regarded" him as disabled by his alcoholism and drug dependency. Title I of the ADA states: "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). However, employees seeking a remedy under Title I must apply first to the Equal Employment Opportunity Commission for administrative relief before bringing an action in court. *See* 42 U.S.C. §§ 12117, 2000e-5(f)(1); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000). All parties agree that Dean failed to pursue his administrative remedies.

Dean now attempts to avoid the administrative exhaustion requirement by contending that he wants to bring his claim under Title II of the ADA. Title II states that "no qualified individual

with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Dean asserts that Title II claims do not require exhaustion, and he cites a string of cases he claims support his position, at least one of which was decided before the ADA even became law in January 1992. Although Dean may be correct in asserting that the exhaustion requirement does not apply to claims of disability discrimination against public entities for denial of access to services, programs, or activities, the larger question is whether Title II applies to employment cases.

That question has not been conclusively decided by the Supreme Court or the Sixth Circuit Court of Appeals. In *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 360 n.1 (2001), the Supreme Court recognized that the courts of appeals were split on the question but declined to reach the issue because it had not been briefed by the parties. The Sixth Circuit has also declined to decide the issue. *Swanson v. Univ. of Cincinnati*, 268 F.3d 307, 318 (6th Cir. 2001) (holding that the court need not resolve the question because the plaintiff did not qualify as disabled under the criteria applicable to Title II); *see also Knapp v. City of Columbus*, 93 Fed. Appx. 718, 720 (6th Cir. 2002) (unpublished) (declining to rule on the issue because it was beyond the scope of the court's review); *McKibben v. Hamilton County*, No. 99-3360, 2000 WL 761879 (6th Cir. May 30, 2000) (unpublished) (declining to rule on the issue because the defendants did not raise it).

A district court in the Eastern District of Michigan has encountered this question but declined to decide it because the plaintiffs had failed to cite a separate cause of action for Titles I and II and because the defendants had not raised the issue. *Fobar v. City of Dearborn Heights*, 994 F. Supp. 878, 885 n.3 (E.D. Mich. 1998).

Notably, the Sixth Circuit has held that Title III of the ADA is not applicable in employment cases. In *Parker v. Metropolitan Life Insurance Company*, 121 F.3d 1006 (6th Cir. 1997) (en banc), the plaintiff sued her employer and an insurance company under Title III of the ADA for offering employees a long-term disability plan that provided longer benefits to physically disabled employees than to mentally disabled employees. Title III prohibits disability discrimination concerning "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). The court held, *inter alia*, that the employer was properly dismissed from the action because "the statutory framework of the ADA expressly limits discrimination in employment practices to Title I of the ADA." *Id*. at 1014. The court quoted with approval the language in *Motzkin v. Trustees of Boston University*, 938 F. Supp. 983, 996 (D. Mass. 1996): "The legislative intent is so clear from the language of Titles I and III that one need not go beyond that language to conclude that employment discrimination is the exclusive province of Title I." The *Parker* court included an explanation from *Motzkin* in a footnote:

> [I]t would make no sense to construe Title III as including employment practices within its scope. Indeed, to do so might wreak havoc with the careful balance that Congress attempted to strike in Title I between the rights of employers and the rights of workers with disabilities. For example, the term "qualified individual with a disability" appears in Title I, but is absent from Title III. As a result, if Title III were construed to apply to employment practices, an employer would be within its rights under Title I, but might be liable under Title III, if it denied employment to an individual who, because of a disability, was incapable of performing the essential functions of the job.

*Parker*, 121 F.3d at 1015 n.12 (quoting *Motzkin*, 938 F. Supp. at 996).

Other circuits are split on the issue. The Eleventh Circuit and the Fourth Circuit have recognized a cause of action under Title II for employment-related suits. *Bledsoe v. Palm Beach County Soil & Water Conserv. Dist.*, 133 F.3d 816 (11th Cir. 1998); *Doe v. Univ. of Md. Med. Sys.*

*Corp.*, 50 F.3d 1261 (4th Cir. 1995). In *Doe*, an HIV-positive neurosurgical resident who had been terminated sued his employer under Title II of the ADA and the Rehabilitation Act. *Doe*, 50 F.3d at 1264. Without questioning the applicability of Title II in an employment context, the Fourth Circuit held that the plaintiff was not a "qualified individual" within the meaning of Title II and the Rehabilitation Act. *Id*. at 1267. In *Bledsoe v. Palm Beach County Soil and Water Conservation District*, an employee sued the Palm Beach County Soil and Water Conservation District for failing to accommodate his knee injury. 133 F.3d at 818. The plaintiff brought suit under Title II of the ADA because the district did not have enough employees to fall under the requirements of Title I. *Ibid*. The court reversed the district court's finding that Title II was inapplicable to employment cases, reasoning that Department of Justice regulations, specifically 28 C.F.R. § 35.140, brought Title II employment claims against public entities within the scope of Title I.

The Ninth Circuit disagreed, concluding that "Congress unambiguously expressed its intent for Title II not to apply to employment." *Zimmerman v. Oregon Dept. of Justice*, 170 F.3d 1169, 1173 (9th Cir. 1999). That court considered 28 C.F.R. § 35.140 as well, but concluded that the rule was beyond the power of the agency to enact, citing *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc*., 467 U.S. 837 (1984).

Whether employment actions against public entities can be brought under Title II of the ADA or not, it is instructive to examine the language of the administrative rule that other circuits have deemed pivotal on that issue to answer the specific question before the Court, namely whether the exhaustion requirements of Title I can be avoided. Title 28, section 35.140 of the Code of Federal Regulations, which was promulgated by the Attorney General as pertinent to Title II of the ADA, states:

> (a) No qualified individual with a disability shall, on the basis of disability, be subjected to discrimination in employment under any service, program, or activity conducted by a public entity.
>
> (b)(1) For purposes of this part, *the requirements of title I of the Act*, established by the regulations of the Equal Employment Opportunity Commission in 29 C.F.R. part 1630, *apply to employment* in any service, program, or activity conducted by a public entity if that public entity is also subject to the jurisdiction of title I [i.e. employs fifteen or more employees].
>
> (b)(2) For the purposes of this part, the requirements of section 504 of the Rehabilitation Act of 1973, as established by the regulations of the Department of Justice in 28 CFR part 41, as those requirements pertain to employment, apply to employment in any service, program, or activity conducted by a public entity if that public entity is not also subject to the jurisdiction of title I.

28 C.F.R. § 35.140 (emphasis added). According to the rule, employment claims against public entities brought under Title II are subject to the requirements of Title I relating to exhaustion of administrative remedies.

The Court concludes that, based on the language quoted above from *Parker v. Metropolitan Life Insurance Company*, it is unlikely that the Sixth Circuit would hold that Title II of the ADA applies to employment cases, which are covered explicitly by Title I. Moreover, even if Title II applies to employment cases, the administrative rule requires a claimant to abide by the exhaustion requirements stated in Title I. Because the plaintiff failed to exhaust administrative remedies, there is no basis to reconsider the order denying his motion to amend his complaint because a claim under Title II of the ADA would be futile.

Dean also argues that he was denied due process because he belatedly came to the realization that he was fired because his employer regarded him as disabled. However, even after that ground occurred to him, which he says was in the midst of discovery in this case, he did not file a claim with the EEOC or take any of the required steps to advance an employment discrimination claim under

the ADA. He has not explained how his due process rights were abridged under those circumstances, nor has he alleged that the defendants interfered with his efforts to pursue such a claim. Reconsideration on that ground will be denied.

The last two grounds stated by the plaintiffs in support of their motion for reconsideration were discussed by the Court in its summary judgment opinion. The plaintiffs make no new arguments, but they do reassert their disagreement with the Court's decision. However, "motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," shall not be granted. E.D. Mich. LR 7.1(g)(3).

The Court finds no basis to conclude that a mistake of law was made in its summary judgment opinion or that the plaintiffs otherwise are entitled to relief under Rule 59(e) or 60(b).

Accordingly, it is **ORDERED** that the plaintiffs' motion for reconsideration [dkt # 117] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 16, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 16, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS